IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORAM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:10CV37 |
| | ) | |
| STEPHEN JESUS, SHARI KESICK and CHAD SCHOLL, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

    This is before the magistrate judge on the plaintiff's "Motion for Expedited Discovery" (Filing 15). The defendants are former employees of the plaintiff. The complaint includes claims for breaches of non-compete agreements and violations of the Nebraska Trade Secrets Act and a prayer for permanent injunctive relief. The motion for expedited discovery was served on the defendants, who were recently served with summons, but have not yet responded to the Complaint and are not represented by counsel at this time. No motion for a temporary restraining order or preliminary injunction is pending.

    Normally, parties may not conduct discovery until they have conferred pursuant to Fed. R. Civ. P. 26(f). However, expedited discovery may be appropriate when injunctive relief is sought because of the expedited nature of injunctive proceedings. *Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996) (citing Fed. R. Civ. P. 34(b)). "Expedited discovery is Rule 26(d) of the Federal Rules of Civil Procedure also contemplates the possibility of expedited discovery.

    In its motion, the plaintiff advises that it needs to conduct expedited discovery to uncover the nature of each defendant's duties with their present employer and the extent to which defendants Scholl and Jesus are in violation of their agreements. The motion was not briefed[1], and no proposed discovery requests were proffered.

    The party requesting expedited discovery must provide a showing of reasonableness or good cause, taking into account the totality of the circumstances. *See Dimension Data*

---

[1] The plaintiff's motion raises a substantial issue of law, and a supporting brief was required under NECivR 7.0.1(a)(1)(A).

*North America, Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 531 (E.D.N.C. 2005). The requesting party must demonstrate that it has narrowly tailored its request to obtain information relevant to preliminary injunction.

Considering the totality of the circumstances, the court finds that the plaintiff has not met its burden of showing reasonableness or good cause. Pursuant to NECivR 39.2, the court elects to treat the plaintiff's failure to file a brief as an abandonment of all issues raised in the plaintiff's motion.

**IT IS ORDERED** that plaintiff's motion (Filing 15) is denied.

A party may object to a magistrate judge's order by filing an "Objection to Magistrate Judge's Order" within 14 days after being served with the order. The objecting party must comply with all requirements of NECivR 72.2.

**DATED February 11, 2010.**

            **BY THE COURT:**

            s/ F.A. Gossett
            **United States Magistrate Judge**